UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAX CASH MEDIA, INC. and
GOTTBETTER & PARTNERS, LLP,
as collateral agent,

                      Plaintiffs,              12 CIV 0147 (NRB)

       -against-                       ECF Case

PRISM CORPORATION and
JOE LOFTIS,

                      Defendant.
------------------------------------------------------------X

### AFFIDAVIT OF JORDAN M. KAM, ESQ.
### IN SUPPORT OF REQUEST TO ENTER DEFAULT JUDGMENT

**JORDAN M. KAM, ESQ.**, states the following under penalties of perjury:

1.     I am a partner at The Roth Law Firm, PLLC, counsel for Plaintiffs Max Cash Media, Inc. ("Max Cash") and Gottbetter & Partners, LLP, as collateral agent ("Gottbetter") (collectively, the "Plaintiffs"). I respectfully submit this attorney affidavit on personal knowledge based on the proceedings herein and in support of Plaintiffs' request for entry of default judgment.

### Procedural History

2.     Plaintiff commenced this action against Defendants Prism Corporation ("Prism") and Joe Loftis (collectively the "Defendants") on January 9, 2012 by the filing of a Summons and Complaint and proposed Order to Show Cause with Temporary Restraining Order and documents in support thereof.

3.     Upon reading all documents submitted in support of the proposed Order to Show Cause with Temporary Restraining Order, and absent any opposition thereto upon sufficient

notice to Defendants, this Court found that Plaintiffs had met their burden of obtaining preliminary injunctive relief and thus this Court executed the Order to Show Cause with Temporary Restraining Order on January 9, 2012 (the "Order to Show Cause").

4. Service of the Order to Show Cause and all supporting documents, including but not limited to the Summons and Complaint, was made upon Defendants in accordance with the terms of the Order to Show Cause.

5. The Court entered a Preliminary Injunction Order on January 20, 2012.

6. Defendants have not filed an Answer or otherwise moved with respect to the Complaint. On March 8, 2012, Defendants' default was noted by the entry of a Clerk's Certificate (a true and correct copy of which, with affidavit of service, is annexed hereto as Exhibit 1).

## Substantive Claims

7. In addition to the seeking of injunctive relief (which has already been granted and is still in effect pursuant to the Preliminary Injunction Order), the Complaint alleges causes of action for breach of contract and for seizure of collateral. A true and correct copy of the Complaint (including exhibits) is annexed hereto as Exhibit 2.

8. The Complaint alleges that Prism is in default on four Promissory Notes in the respective amounts of: (i) $1,000,000 due November 9, 2011; (ii) $500,000 due November 18, 2011; (iii) $250,000 due November 30, 2011; and (iii) $250,000 due December 9, 2011. Complaint, ¶¶ 70-74. Pursuant to the respective Promissory Notes, upon default, interest on each principal amount shall accrue at the rate of thirteen percent (13%) per annum commencing on the date of each respective default. *Id.*

9.     The Complaint further alleges that the Bridge Loan Agreement, dated August 4, 2011 was incorporated by reference in each respective Promissory Note (and vice versa), and a breach of the Promissory Note, would constitute a breach of the Bridge Loan Agreement. Complaint, ¶¶ 13-50.

10.    Pursuant to the terms of the Bridge Loan Agreement, Prism agreed to pay "the reasonable costs and expenses of collection and of any other actions referred to in this Article [which includes, among other things, the seeking of injunctive relief against violations of the terms of the Bridge Loan Agreement], including without limitation reasonable attorneys' fees, expenses and disbursements." Complaint, ¶ 16. Prism also agreed to pay for "all commercially reasonable costs, expenses and attorneys' fees incurred by Lender in connection with the collection of the indebtedness and collection of the indebtedness…" *Id.*, ¶¶ 24, 32, 40 and 48.

11.    Up through and including the date of this affirmation, Plaintiffs have incurred a total of $62,043.75 in reasonable costs and expenses in attempting to enforce the terms of the Bridge Loan Agreement and the respective Promissory Notes referenced therein. Annexed hereto as Exhibit 3 is a true and correct copy of this firm's legal bills and costs relating to this matter, up to and including the date of this affirmation (the details of the legal work performed has been redacted in order to preserve attorney-client privilege and/or attorney work-product).

12.    Finally, the Complaint alleges that pursuant to the Prism Security Agreement, dated August 4, 2011, Gottbetter (as collateral agent) has a first priority security interest in and to the Collateral, which is defined as: "(i) all tangible assets of the Borrower [Prism], including, without limitation, collectively the Accounts, Chattel Paper, Deposit Accounts, Documents, Equipment, Fixtures, General Intangibles, Instruments, Intellectual Property, Inventory, Investment Property, and (ii) Proceeds of each of them." Complaint, ¶ 54. In that respect,

Gottbetter perfected its security interest in and to the Collateral on August 11, 2011. Complaint, ¶¶ 58, 77. Such Collateral also included shares as stated in the Prism Pledge Agreement, Id., ¶¶ 59-63. Accordingly, the Complaint alleges that Plaintiffs are entitled to an order of seizure of the Collateral.

13. For the reasons stated herein, in the Complaint and in the accompanying Memorandum of Law, Plaintiffs respectfully request that a Judgment and Order be entered against Prism in the amount of $ 2,000,000, plus interest at the rate of 13% per annum from the dates of default, plus all costs and expenses including reasonable attorneys' fees in the sum total of $2,148,710.30, and that Defendants be ordered to deliver all of Prism's tangible and intangible assets to Gottbetter (as collateral agent), within 30 days of receipt of such order, and that this Court retain personal and subject matter jurisdiction for the purpose of enforcing Defendants compliance therewith.

14. A draft of the proposed Judgment and Order is annexed hereto as Exhibit 4.

_____
Jordan M. Kam

Sworn to before me this
____ day of April 2012

_____
Notary Public

RICHARD A. ROTH
Notary Public, State of New York
No. 31-4968722
Qualified in New York County
Commission Expires July 2, 20__